IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                CR 97-00675 MV

HENRY HOWARD,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Production of Complete Records and Transcripts of Court Proceedings, filed May 3, 2001 **[Doc. No. 101]** and Defendant's Motion to Proceed In Forma Pauperis, filed May 3, 2001 **[Doc. No. 103]**. The Court, having considered the motions, relevant law and otherwise being fully informed, finds that the Motion for Production of Complete Records and Transcripts of Court Proceedings is well taken and will be **granted in part** and Defendant's Motion to Proceed In Forma Pauperis is well taken and will be **granted.**

Mr. Howard is proceeding *pro se.* In his motion, he states that he is indigent and without funds to pay costs for the transcript and record. In support of his motion, Mr. Howard alleges that he believes he has valid grounds for relief, and that the trial transcript is essential to the effective presentation and support of his claims.

Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit. *See Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993). A defendant must present more than

conclusory allegations to support a claim for free transcripts and other documents. *See Sistrunk*, 992 F.2d at 259.

Mr. Howard claims that his plea was entered into as a result of trial counsel's ineffectiveness. Mr. Howard did not file a direct appeal and asserts that his § 2255 petition is not timely, but that the untimeliness was due to his counsel's ineffectiveness. Mr. Howard's allegations of ineffective assistance of counsel are very general. While this may not be sufficient to entitle him to relief, the Court feels that his allegations are sufficiently particular to satisfy the non-frivolousness standard. *See United States v. Cook*, 45 F. 3d 388, 392 (10th Cir. 1995) ("defendant may not raise claims that were not presented on direct appeal unless he can show cause and prejudice resulting from the error... A defendant may establish cause for procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment"). Therefore, this Court will order that the transcripts of Defendant's proceedings be provided to him at no cost.

In order to obtain documents other than a transcript however, a habeas corpus petition must be filed to trigger 28 U.S.C. § 2250, the statute that explicitly grants indigent habeas corpus petitioners "documents" or "parts of the record" without cost. *See United States v. Connors*, 904 F.2d 535, 536 (9th Cir.1990); *Walker v. United States,* 424 F.2d 278, 278-79 (5th Cir.1970). Under 28 U.S.C. § 2250, an indigent defendant is entitled to "certified copies of such documents or parts of the record" in the clerk's file "as may be required by order of the judge before whom the application is pending." Because Mr. Howard has not yet filed a habeas petition, this Court has no authority to order that the court record be provided to him without cost. However, once Mr. Howard files his habeas petition, he should file another motion requesting those court records.

Mr. Howard has also filed a Motion to Proceed in Forma Pauperis.  He has filed an application to proceed that includes an affidavit of his inability to pay; his affidavit states the nature of the action and his belief that he is entitled to redress.  He has also submitted his bank account statement from the Bureau of Prisons.  *See* 28 U.S.C. § 1915(a)(1) and (2).  He currently has $40.84 in his account, and must pay $809.82 in restitution.  The Court finds that Mr. Howard qualifies for in forma pauperis status.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Production of Complete Records and Transcripts of Court Proceedings is hereby **granted in part**.  Defendant is to be given a copy of the transcript of the proceedings below at no cost.  Defendant's Motion to Proceed In Forma Pauperis is hereby **granted.**

Dated this 12th day of June, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE